COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


LAURIE ARSENAULT

                                         MEMORANDUM OPINION*
v.    Record No. 2609-00-1                  PER CURIAM
                                           MAY 29, 2001
ISLE OF WIGHT COUNTY
 DEPARTMENT OF SOCIAL SERVICES


                 FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                        Westbrook J. Parker, Judge

                 (L. Wayne Farmer; Barlow & Riddick, P.C., on
                 briefs), for appellant.  Appellant submitting
                 on briefs.

                 (Richard L. Francis; Inga E. Francis;
                 Francis & Francis, P.C., on brief), for
                 appellee.  Appellee submitting on brief.


     Laurie Arsenault, appellant, appeals the decision of the

trial court denying her motion to rehear the termination of her

residual parental rights to her daughter.  Finding that the trial

court properly terminated appellant's residual parental rights and

did not abuse its discretion in denying rehearing, we affirm the

trial court's decision.

                        MOTION TO DISMISS

     The Department of Social Services has moved to dismiss the

appeal on the ground that the statement of facts, which is

indispensable to a decision on appeal, was not filed in accordance

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

with the requirements of Rule 5A:8(c)(1), and thus was not properly made a part of the record. We deny this motion. Counsel for the Department of Social Services and the guardian ad litem endorsed the proposed statement of facts as being accurate and noted no objection to any of the circumstances surrounding its filing. The trial judge certified the statement, noting no objections. The appellee thereby waived any objection to the timing and manner of the statement's filing.

BACKGROUND

On March 14, 2000, the juvenile and domestic relations district court (J&DR court) terminated appellant's residual parental rights to her daughter pursuant to Code § 16.1-283(C). Appellant appealed that decision to the trial court. She signed the notice of appeal, which stated that her trial date would be scheduled on May 8, 2000 at 9:00 a.m. This notice contained a warning, stating: "If you fail to appear, you are subject to a conviction and judgment in your absence being entered against your case in the Circuit Court."

On May 1, 2000, the trial court entered an order setting appellant's trial for September 22, 2000 at 9:00 a.m. This order stated that counsel for the parties had been contacted and had agreed to that date.

On September 22, 2000, appellant failed to appear. Her counsel, who had also been her attorney at the J&DR court proceeding, appeared. He represented to the trial court that he

-

had had no contact with appellant since the hearing in J&DR court. He stated that he had attempted unsuccessfully to contact appellant by telephone and by mail and that he had not heard from her.

Debra Alphin, the child's foster mother, and Sharon Banks, a social worker for the case, testified that appellant had been in contact with them subsequent to the hearing in J&DR court. Both women testified that appellant told them she was not going to pursue her appeal, that it was in the child's best interests to be adopted by the Alphins, and that she was not going to appear further in court.

The child's guardian ad litem and the child's father testified they believed it was in the best interests of the child that appellant's residual parental rights be terminated.

The trial court dismissed appellant's appeal and terminated her residual parental rights to her daughter.

On the afternoon of September 22, 2000, appellant's attorney notified the trial court that appellant intended to file a motion to rehear the matter. On October 25, 2000, the trial court heard the motion to rehear. Appellant testified that she thought the trial court hearing was scheduled for 2:00 p.m. on September 22, 2000 because all prior hearings had been at 2:00 p.m. She also stated that on September 22, 2000, sometime between 12:00 p.m. and 1:00 p.m., she telephoned the trial court clerk's office to confirm the 2:00 p.m. hearing time and was then advised that the

-

hearing had already taken place. She immediately contacted her attorney and advised him that she wanted to pursue the appeal.

Appellant also testified that she received a notice stating the hearing was scheduled for 2:00 p.m. However, she could not produce that notice. She stated that she had received no notice from her counsel concerning the trial, but admitted she had moved twice, and had not notified her counsel of the changes in her address. She admitted that she told Alphin and Banks that she might not pursue her appeal, but stated that she made those statements during "difficult times." Appellant asserted that, subsequent to those conversations, she had resolved several issues and now wished to "vigorously pursue her appeal and protect her parental rights."

The trial court dismissed appellant's appeal, affirmed the termination of her residual parental rights, and denied the motion for a rehearing. Appellant appeals that decision.

### ANALYSIS

"The decision whether to grant or deny a rehearing is within the trial court's sound judicial discretion." Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994).

The record supports the trial court's finding that appellant was properly on notice as to when her case would be set for trial and of the consequences of her failure to appear at the trial. Furthermore, on May 1, 2000, the trial court entered an order establishing the September 22, 2000, 9:00 a.m.

-

trial date and time.  Appellant was charged with knowledge of the trial date and time noted in the court order, a public record.  Furthermore, her attorney had notice.  "The attorney-client relationship presumes that attorney and client, as servant and master, will communicate about all the important stages of the client's upcoming trial.  Notice to [appellant's] attorney of record of the trial date is evidence that the notice was given to [appellant]."  Hunter v. Commonwealth, 15 Va. App. 717, 722, 427 S.E.2d 197, 201 (1993) (en banc) (addressing a conviction for willful failure to appear under Code § 19.2-128).

The evidence established that appellant's counsel had notice of the trial date and time and that he had advised the trial court prior to the entry of the order that the date was "agreeable."  However, appellant failed to keep in touch with her attorney, failed to advise him of her changes of address, and failed to ascertain the time for the trial.  She told two witnesses that she intended to withdraw her appeal.  Under these circumstances, and upon the assertions of the child's father and the guardian ad litem, the trial court did not err in terminating appellant's residual parental rights and did not abuse its discretion in denying a rehearing.

Affirmed.

-